IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
OLD FAYETTEVILLE DIVISION
No. 3:94-CR-46-7H
No. 5:12-CV-490-H

| | |
|---|---|
| CHARLES E. HERRING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate pursuant to 18 U.S.C. § 2255 filed August 2, 2012 [DE #534]. At sentencing, petitioner was found to have a Base Offense Level of 38 based upon the drug quantity involved, a Total Offense Level of 40, and a Criminal History Category of VI. Consequently, on May 9, 1995, defendant was sentenced to 480 months' imprisonment. Defendant now moves the court to vacate his sentence, arguing that the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), requires the court to sentence him based upon a Base Offense Level of 34 and a Criminal History Category of IV.

Rule 4 of the Rules Governing Section 2255 Cases ("Rule 4") requires the court to conduct a preliminary examination of a petition filed pursuant to 28 U.S.C. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record

of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b). The court may dismiss some of the claims in the petition and allow the other claims to proceed. United States v. Talbott, 26 Fed. App'x 167 (4th Cir. 2001).

Petitioner's motion fails to state a claim upon which relief can be granted. A review of the judgment and defendant's presentence report reflects that defendant was not sentenced as a career offender or armed career criminal, but based upon the drug quantity involved. Additionally, under the Sentencing Guidelines, a defendant's Criminal History Category is not determined based upon the classification of prior offenses as felonies or misdemeanors. Rather, criminal history points are assigned to each prior offense according to the length of the actual sentence imposed upon the defendant.

Defendant received (1) two criminal history points for his prior conviction of criminal facilitation because he was sentenced to an active term of imprisonment of at least sixty days but less than 13 months, see U.S.S.G. § 4A1.1(b); (2) three criminal history points for each of his convictions of criminal possession of controlled substances and larceny because he received a sentence of imprisonment exceeding one year and one month for each offense, see U.S.S.G. § 4A1.1(a); and (3) one criminal history point for each of his scoreable convictions of

misdemeanor larceny, larceny, carrying a concealed weapon and driving while license revoked because he received a sentence of imprisonment of less than sixty days on each of those offenses, see U.S.S.G. § 4A1.1(c). Defendant then received an additional two points because he was on parole at the time of the offense and one additional point because the offense was committed less than two years after defendant's release from custody, resulting in 15 total criminal history points and a Criminal History Category of VI.

In no way does Simmons affect petitioner's Criminal History Category or Total Offense Level. Petitioner's § 2255 motion is therefore, DISMISSED pursuant to Rule 4(b) for failure to state a claim upon which relief may be granted.[1]

Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

This 13th day of August 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31

---

[1] The court notes that petitioner's motion was filed twelve years after his conviction became final, well beyond the one-year statute of limitations. As petitioner has not demonstrated that his claim falls within an exception to the one-year statute of limitations or should be equitably tolled, his claims are also time barred.

3